UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GODOY,<br><br>    Plaintiff,<br><br>v.<br><br>EDMUND GERRY BROWN, et al.,<br><br>    Defendants. | Case No. 18-cv-06650-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DISMISSING MULTIPLE PLAINTIFFS; DENYING MOTIONS FOR INJUNCTIVE RELIEF; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 2, 3, 7 |

**INTRODUCTION**

On November 1, 2018, plaintiff, an inmate at the California Substance Abuse Treatment Facility ("SATF") proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining of events that took place at the Correctional Training Facility ("CTF"), the California Institute for Men ("CIM"), and Mule Creek State Prison ("MCSP")—all places where plaintiff was previously incarcerated. Plaintiff's motion for leave to *proceed in forma pauperis* is granted in a separate order. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

§ 1915A(b). Pro se pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

The complaint does not comply with Federal Rule of Civil Procedure 20(a). Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

Plaintiff's complaint includes a wide variety of claims, including: (1) retaliation for filing grievances; (2) excessive force; (3) deliberate indifference to serious medical needs; (4) deliberate

2

indifference to safety; (5) unconstitutional conditions of confinement; (6) denial of accommodations for prisoners with disabilities; and (7) conspiracy. The complaint indicates these various violations happened over several years and at more than one prison. The complaint also names forty separate defendants.

In his amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Plaintiff needs to choose the claims he wants to pursue that also meet the joinder requirements.

The Court notes that many of the incidents described in the complaint do not give rise to constitutional claims. With respect to plaintiff's allegations regarding the failure to investigate or otherwise respond to his grievances, states may establish grievance procedures for inmates to follow, but they are not constitutionally required to do so. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, inmates do not have a due process right to a grievance procedure and a prison or jail official's failure to follow the grievance procedure does not give rise to a due process claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials failure to process grievances does not state due process claim). With respect to plaintiff's allegations regarding the prisons' failure to provide educational programs, plaintiff is advised that there is no constitutional right to education or rehabilitation in prison. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational programs does not violate Eighth Amendment); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course for rehabilitation); *Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985) (general limitation of jobs and educational opportunities is not considered punishment). These allegations are therefore DISMISSED without leave to amend for failure to state a claim for which relief can be granted.

Finally, plaintiff's allegations fail to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation. The lack of detail prevents the Court from determining which claims deserve a response and from whom, and also prevents individual defendants from framing a response to the

3

complaint. In his amended complaint, plaintiff must specifically identify what each named defendant did or did not do with regard to each separate claim. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

Claims arising out of events occurring at CIM are DISMISSED without prejudice to bringing them in a separate action filed in the United States District Court for the Central District of California where CIM is located. Claims arising out of events occurring at MCSP and/or SATF are DISMISSED without prejudice to bringing them in a separate action filed in the United States District Court for the Eastern District of California where MCSP and SATF are located.

**C.     Multiple Plaintiffs**

The complaint indicates that there are eighteen plaintiffs, although plaintiff Godoy is the only plaintiff to have signed the complaint. Plaintiff did obtain the signatures of eleven prisoners who are not listed as plaintiffs. *See* Dkt. No. 1 at 31-32. Below each signature, each prisoner complains of individual issues he has experienced at SATF.

Generally, *pro se* plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria

4

persona has no authority to represent anyone other than himself"); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted). In particular, *pro se* prisoner plaintiffs may not act as class representatives because they cannot fairly and adequately protect the interests of the class. *See id.* Here, plaintiff is an incarcerated litigant who cannot ably protect the interests of a class of similarly situated prisoners. Accordingly, to the extent that plaintiff is seeking class certification, such certification is DENIED.

In addition, the Court considers the procedural hurdles to plaintiffs' joinder. If plaintiffs proceed as a group, under the Federal Rules of Civil Procedure, each plaintiff must sign every filing made in this case on behalf of the group. The failure of any plaintiff to sign a particular pleading could be prejudicial to him and possibly subject his claims to dismissal. The routine practices of incarceration often prohibit or delay communications between prisoners. For these reasons, the Court is not inclined to accept multiple filings from different plaintiffs in the same case, or to delay filing deadlines until all plaintiffs can sign a single pleading. The interests of justice are not served by joinder of plaintiffs in this action. Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense. *See* Fed. R. Civ. P. 20. Here, efficiency will not be promoted by allowing all plaintiffs to bring a single case. Avoidance of possible prejudice to individual plaintiffs, delay reduction, and avoidance of confusion call for plaintiffs' claims to proceed separately. Moreover, severing plaintiffs will not prejudice any substantial right. Therefore, with the exception of the lead plaintiff Godoy, all other plaintiffs are DISMISSED from the complaint without prejudice to pursuing individual civil actions.

### D. Injunctive Relief

Plaintiff has filed a motion for a preliminary injunction (Dkt. No. 2) and a request for a restraining order (Dkt. No. 3) in which he appears to ask the Court to enjoin defendants from violating the various constitutional rights alleged in his complaint. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary

restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that "immediate and irreparable injury, loss or damage will result" to the applicant before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies in writing "any efforts made to give notice and the reasons why it should not be required." *See* Fed. R. Civ. P. 65(b). Plaintiff has not made the first showing, nor has he included the certification required by Rule 65(b). Accordingly, the requests for emergency injunctive relief are DENIED. Denial is without prejudice to renewing with the requisite showing.

**E.  Appointment of Counsel**

Plaintiff's motion for appointment of counsel (Dkt. No. 7), is DENIED without prejudice for lack of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1.  This action shall proceed solely on the claims personal to plaintiff Maurice Godoy. The Clerk shall terminate all other plaintiffs from the docket in this action.

2.  Plaintiff's motions for emergency injunctive relief and for appointment of counsel are DENIED without prejudice.

3.  Plaintiff's complaint is DISMISSED with leave to amend. If plaintiff can cure the pleading deficiencies described above, he shall file an amended complaint within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 18-6650 HSG (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, when it happened, what effect this had on plaintiff, and what right plaintiff alleges was violated. If plaintiff files an amended complaint,

6

he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal laws. **Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to plaintiff.**

Plaintiff is advised that he may only allege claims in a single action that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff must file separate individual actions for unrelated claims against unrelated defendants.

4. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

This order terminates Docket Numbers 2, 3, and 7.

**IT IS SO ORDERED.**

Dated: 1/29/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge