UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GODOY,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND GERRY BROWN, et al.,<br><br>Defendants. | Case No. 18-cv-06650-HSG (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; EXTENDING TIME TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 13 |

On November 1, 2018, plaintiff, an inmate at the California Substance Abuse Treatment Facility proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining of events that took place at the Correctional Training Facility, the California Institute for Men, and Mule Creek State Prison—all places where plaintiff was previously incarcerated. On January 29, 2019, the Court reviewed the complaint and dismissed it with leave to amend, noting various deficiencies such as the joinder of unrelated claims, plaintiff's failure to state his allegations clearly, and improper joinder of multiple plaintiffs. On February 26, 2019, pursuant to plaintiff's request, the Court extended the deadline for plaintiff to file his amended complaint to April 29, 2019. Now before the Court is plaintiff's motion for reconsideration of the Court's January 29, 2019 order of dismissal with leave to amend. Plaintiff also requests class certification and appointment of counsel.

Motions for reconsideration are governed by Civil Local Rule 7-9, which states:

> (a) Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
>> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>>
>> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>>
>> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

Civ. L.R. 7-9(a)-(c).

Petitioner failed first to seek leave of court before filing his motion for reconsideration, as required by the local rules. On that basis alone, the motion will be denied. *Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Petitioner's *pro se* status does not excuse his non-compliance with the Court's procedural rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Even construing his motion as an application for leave to file a motion for reconsideration, however, it still must be denied. Petitioner's motion fails to make the showing required under Civil Local Rule 7-9. Petitioner has not shown a material difference in law or fact or a manifest failure by the Court to consider material facts or dispositive legal arguments. Nor does the Court otherwise find good cause for reconsideration.

Accordingly, the motion for reconsideration is DENIED. The requests for class certification and appointment of counsel are also DENIED for the reasons already given in the Court's January 29, 2019 order.

The April 29, 2019 amended complaint filing deadline remains in effect.

This order terminates Dkt. No. 13.

**IT IS SO ORDERED.**

Dated: March 20, 2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  MAURICE GODOY,

   Plaintiff,

   v.

   EDMUND GERRY BROWN, et al.,

   Defendants.

Case No. 18-cv-06650-HSG

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 20, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maurice Godoy ID: V83154
900 Quebec Ave.
Cocoran, CA 93212


Dated: March 20, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Nikki D. Riley, Deputy Clerk to the
Honorable HAYWOOD S. GILLIAM, JR.

4