UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GODOY,<br>　　　　Plaintiff,<br>　　v.<br>EDMUND GERRY BROWN, et al.,<br>　　　　Defendants. | Case No. 18-cv-06650-HSG<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT; DENYING REUQEST FOR INJUNCTION AND TRO**<br><br>Re: Dkt. No. 17 |

On November 1, 2018, Plaintiff, an inmate at the California Substance Abuse Treatment Facility proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining of events that took place at the Correctional Training Facility, the California Institute for Men, and Mule Creek State Prison—all places where Plaintiff was previously incarcerated. Dkt. No. 1. On January 29, 2019, the Court reviewed the complaint and dismissed it with leave to amend, noting various deficiencies such as the joinder of unrelated claims, Plaintiff's failure to state his allegations clearly, and improper joinder of multiple plaintiffs. Dkt. No. 9. Pursuant to Plaintiff's request, the Court has twice extended the deadline for Plaintiff to file his amended complaint. Dkt. Nos. 12, 16. The current deadline for Plaintiff to file his amended complaint is May 29, 2019. Dkt. No. 16.

Now pending before the Court is Plaintiff's request for a 90-day extension of time to file his amended complaint, and his request for an injunction or temporary restraining order transferring him to a prison facility with a functional law library and closer to his family and friends. Dkt. No. 17. Plaintiff alleges that he has been unable to prepare his amended complaint because he has been given very limited access to the law library and, when allowed to access the law library, he has had limited access to the Lexis-Nexis computer terminals. He further alleges

1 that he has been threatened with physical violence by one of the inmate clerks assigned to the law library and therefore is no longer comfortable using the law library. *See id.*

The Court will grant Plaintiff a final extension of time to file his amended complaint. Plaintiff shall file his amended complaint by **August 23, 2019**. **No further extensions of time will be granted.** The Court notes that many of the deficiencies in Plaintiff's complaint do not require legal research to rectify. For example, complying with the requirements set forth in Rule 20 of the Federal Rules of Civil Procedure does not require Plaintiff to conduct legal research. Compliance with Rule 20 requires Plaintiff to chose which related claims he would like to pursue in this action, and to list only those claims in the amended complaint.

Plaintiff's request for an injunction or temporary restraining order transferring him to a prison facility with a functional law library and closer to his family and friends is DENIED for the following reasons.

First, prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Here, the complaint has been dismissed with leave to amend and no parties have yet been served. A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Plaintiff has failed to satisfy either of these requirements.

Second, a preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). Here, it is not yet certain what relief this action seeks because there is no operative complaint.

Accordingly, the request for injunctive relief or a temporary restraining order is DENIED.

2

This order terminates Dkt. No. 17.

**IT IS SO ORDERED.**

Dated: 5/28/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge