UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GODOY,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND GERRY BROWN, et al.,<br><br>Defendants. | Case No. 18-cv-06650-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 19 |

Plaintiff, an inmate at the California Substance Abuse Treatment Facility ("SATF") proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's request for appointment of counsel. Dkt. No. 19. Plaintiff argues that the Court should appoint him counsel for the following reasons: it is of fundamental importance to uphold the principles in the federal Constitution; indigent defendants are disadvantaged; he has been designated as disabled under the Americans with Disabilities Act; prison officials have created "defective" conditions and erected "legal barriers;" Plaintiff lacks legal materials and access to a functioning law library; he has been handicapped and paralyzed because he has been housed with mentally ill inmates; he will require the assistance of experts; the case involves claims of corruption, conspiracy, and racketeering; Plaintiff has neither the resources or ability to investigate crucial facts; he is likely to be successful; Defendants control all evidence; Plaintiff has previously shown good cause for extensions of time to meet court deadlines; and there is limited access to the law library. *Id.*

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to

counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel); *Wilborn*, 789 F.2d at 1331 (that plaintiff may well have fared better with assistance of counsel not enough).

At this early stage it is unclear if Plaintiff has presented cognizable claims. There is currently no operative complaint, the initial complaint has been dismissed with leave to amend. In addition, Plaintiff has ably prosecuted this case thus far, having filed at least three motions seeking various types of relief. Accordingly, Plaintiff's motion requesting appointment of counsel is DENIED for lack of exceptional circumstances. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

The order terminates Dkt. No. 19.

**IT IS SO ORDERED.**

Dated: 5/31/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge