UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GODOY, Plaintiff, v. EDMUND GERRY BROWN, et al., Defendants. | Case No. 18-cv-06650-HSG<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION FOR DECLARATORY JUDGMENT, PRELIMINARY INJUNCTION, RESTRAINING ORDER AND PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 23, 24 |

**INTRODUCTION**

Plaintiff, an inmate at the California Substance Abuse Treatment Facility ("SATF") proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint (Dkt. No. 24) is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). Plaintiff has also filed a motion seeking declaratory judgment, a preliminary injunction, a restraining order, and partial summary judgment. Dkt. No. 23.

**DISCUSSION**

**I.  Screening Amended Complaint**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Procedural History

Plaintiff's initial complaint was dismissed with leave to amend because, among other things, it failed to comply with Federal Rule of Civil Procedure 20(a) in that it contained a wide variety of claims that happened over several years and at more than one prison, and named forty separate defendants. Plaintiff was instructed that in preparing an amended complaint, he could only allege claims that (a) arose out of the same transaction, occurrence, or series of transactions or occurrences, and (b) presented questions of law or fact common to all defendants named therein. Dkt. No. 9 at 2-3. The Court further instructed Plaintiff that claims arising out of events occurring at California Institute for Men ("CIM") must be filed in the United States District Court for the Central District of California where CIM is located, and that claims arising out of events occurring at Mule Creek State Prison ("MCSP") and/or Substance Abuse Treatment Facility ("SATF") must be filed in the United States District Court for the Eastern District of California where MCSP and SATF are located. Finally, the Court dismissed all other plaintiffs except for

2

plaintiff Godoy from the action without prejudice to pursuing individual civil actions. Dkt. No. 9 at 4. The Court declined to allow joinder of the numerous plaintiffs and their claims, and also declined to certify the plaintiffs as a class action. Dkt. No. 9 at 4-5.

### C. Amended Complaint

The amended complaint suffers from the same deficiencies as the initial complaint. The amended complaint again fails to comply with Rule 20(a)(2) of the Federal Rules of Civil Procedure. Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Similar to the original complaint, the amended complaint includes a wide variety of claims which do not appear to arise out of the same occurrence, including: (1) retaliation for filing grievances; (2) deliberate indifference to serious medical needs; (3) unconstitutional conditions of confinement; (4) violation of the Americans with Disabilities Act ("ADA"); (5) denial of access to the courts; (6) sexual assault; (7) false accusations; (8) deprivation of his property; (9) deliberate indifference to inmate safety; and (10) conspiracy. The amended complaint indicates that these various violations happened over several years and at more than one prison, some of which are located in the venue of either the Eastern District of California or the Central District of California. The amended complaint names over thirty separate defendants, and again seeks to join other inmates as co-plaintiffs.

Because the amended complaint suffers from the same deficiencies as the initial complaint, the Court DISMISSES the amended complaint with leave to amend. The Court DENIES plaintiff's renewed request to add additional inmates as co-plaintiffs, for the same reasons as set forth in the Court's January 29, 2019 order dismissing the complaint with leave to amend.

In preparing the second amended complaint, the Court advises Plaintiff as follows.

First, the second amended complaint must comply with Rule 20(a)(2). Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, **and** (b) present questions of law or fact common to all defendants named therein.

3

**Plaintiff needs to choose the claims he wants to pursue that also meet the joinder requirements and present only those claims in this action.** For example, plaintiff could choose to limit this action to only those claims that (1) arise out of the same event or set of events at San Quentin State Prison and (2) present a question of law or fact common to all the SQSP defendants. To pursue his other claims regarding events at other prisons or other events at SQSP, plaintiff must file separate individual actions, with each action challenging an event that arose out of his time at the specific prison.

Second, the second amended complaint should comply with venue requirements. Pursuant to 28 U.S.C. § 1391(e), an action may be brought in either (1) the judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Accordingly, as explained in the Court's prior order of dismissal with leave to amend, claims arising out of events occurring at CIM or Lancaster State Prison must be filed in the United States District Court for the Central District of California where CIM and Lancaster State Prison are located, and claims arising out of events occurring at MCSP or SATF" must be filed in the United States District Court for the Eastern District of California where MCSP and SATF are located. While plaintiff may have suffered numerous constitutional violations while incarcerated at California prisons, the Court will only grant relief with respect to events that happened within the Northern District of California.

Third, the Court reminds Plaintiff that he need only provide a brief statement of the facts that give rise to each legal claim. Plaintiff should refrain from describing constitutional violations suffered by other prisoners. In order to organize his second amended complaint, plaintiff may want to number each legal claim and, underneath that claim, name the defendant who committed the constitutional violation and briefly describe the facts that give rise to the legal claim.

**II.    Motion for Declaratory Judgment, Preliminary Injunction, Restraining Order, and Partial Summary Judgment**

The Court DENIES Plaintiff's motion seeking declaratory judgment, a preliminary injunction, a restraining order, and partial summary judgment for the following reasons.

Plaintiff seeks partial summary judgment regarding the liability of prison officials at CIM. Dkt. No. 23 at 10-13. The request for partial summary judgment is premature and must be denied without prejudice. As stated above, the Court is required to screen complaints in civil actions in which prisoners seek relief from governmental entities, officers or employees. 28 U.S.C. § 1915A(a). Plaintiff has not yet filed a complaint that states cognizable constitutional claims, and service of Plaintiff's complaint has not yet been authorized. Should this action proceed beyond the screening stage, the Court will order service and set a schedule for discovery and dispositive motions. At this juncture, dispositive motions such as plaintiff's motion for partial summary judgment are premature and should be denied. Generally the denial would be without prejudice to re-filing at the appropriate stage of this litigation. However, as discussed *supra*, claims arising out of events occurring at CIM must be filed in the United States District Court for the Central District of California where CIM is located.

Plaintiff seeks a preliminary injunction ordering (1) defendants to immediately provide plaintiff with "any and all" appropriate medical assistance; (2) defendants to accommodate his ADA needs; (3) defendants to provide the necessary follow-up treatments for various health concerns; (4) certain CIM defendants to remove false RVRs or stay-away orders; (5) certain CIM defendants to transfer him to the sensitive need yards and to a single cell; and (6) the SATF warden to transfer him back to CIM where *inter alia* he will be closer to his family. Dkt. No. 23 at 13-15. Plaintiff seeks a temporary restraining order to ensure that he receives medical care and ADA accommodations. *Id.* at 16-19. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction. Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A temporary restraining order may be granted without written or oral notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that "immediate and irreparable injury, loss or damage will result" to the applicant before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies in writing "any efforts made to give notice and the reasons why it should not be required."

*See* Fed. R. Civ. P. 65(b). Here, defendants have not been given notice and plaintiff has not shown that he has satisfied the elements to support an exception. In addition, plaintiff has not yet stated cognizable claims, and to the extent he seeks relief related to claims arising out of events that transpired at CIM, those claims must be filed in the Eastern District of California.

Although plaintiff titled his motion as a motion for declaratory judgment, he does not specify in the motion what declaratory judgment is sought. If plaintiff generally seeks declaratory judgment as relief in this action, he may simply state that in his second amended complaint rather than filing a separate motion requesting declaratory judgment.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DENIES Plaintiff's motion for a declaratory judgment, a preliminary injunction, a restraining order, and partial summary judgment. Dkt. No. 23.

2. The Court DISMISSES the amended complaint with leave to amend. If plaintiff can cure the pleading deficiencies described above, he shall file a second amended complaint within **twenty-eight (28) days** from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (C 18-6650 HSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the second amended complaint. **Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to plaintiff.** The Clerk shall include two copies of a blank complaint form with a copy of this order to plaintiff.

//

//

//

//

This order terminates Dkt. Nos. 23 and 24.

**IT IS SO ORDERED.**

Dated: 11/26/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge