UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GODOY,<br><br>    Plaintiff,<br><br>v.<br><br>EDMUND GERRY BROWN, et al.,<br><br>    Defendants. | Case No. 18-cv-06650-HSG<br><br>**ORDER DENYING *EX PARTE* MOTION FOR IMMEDIATE AND PERMANENT OR TEMPORARY ORDER FOR INJUNCTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 29 |

Plaintiff, an inmate at Corcoran State Prison ("CSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the Court is plaintiff's *ex parte* motion for immediate and permanent or temporary order for injunction; and motion for appointment of counsel. Dkt. No. 29. For the reasons set forth below, the Court DENIES these motions.

**BACKGROUND**

The Court dismissed the initial complaint and the amended complaint for failure to comply with Federal Rule of Civil Procedure 20(a) in that both complaints raised claims regarding various unrelated incidents that happened over several years at various different prisons. Dkt. Nos. 9, 28. Plaintiff's second amended complaint is due by December 24, 2019. Dkt. No. 28. Currently there is no operative complaint, and no defendants have been served.

**DISCUSSION**

**I.    Motion for Immediate and Permanent or Temporary Order for Injunction**

In his motion for injunctive relief, plaintiff makes the following allegations. In August 2019, while incarcerated at Substance Abuse Training Facility, prison guards manipulated or incited other inmates into harassing him and attempting to murder him; prison officials were

deliberately indifferent to his serious medical needs; prison officials retaliated against him by spreading false inflammatory rumors about him, such as that he was a sex offender; prison officials confiscated his personal property and legal mail, and interfered with his access to the courts; and the law library denied him copies. Plaintiff also complains of the medical treatment provided (and not provided) by various chiropractors. Plaintiff was transferred to CSP where he continues to be the target of a conspiracy amongst correctional officials to retaliate against him and deny him medical care. Dkt. No. 29 at 1-9.

Plaintiff seeks declaratory relief declaring that correctional officials have violated his federal constitutional rights and his state law rights, with the violations ranging from medical malpractice, medical negligence, deliberate indifference, retaliation, due process violations, search and seizure without a legal warrant, coercion, assault and battery. Dkt. No. 29 at 10-11. Plaintiff seeks an injunction requiring Warden Clark and all other defendants to provide him with adequate medical care, to stop all retaliatory actions, and to stop the illegal control of plaintiff's legal documents. Dkt. No. 29 at 12.

Plaintiff's request for an injunction or temporary restraining order is DENIED for the following reasons.

First, prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Here, the amended complaint has been dismissed with leave to amend and no parties have yet been served. A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Plaintiff has failed to satisfy either of these requirements. With respect to the first requirement, plaintiff's motion recounts events that happened while he was housed at a different facility, SATF.

1 Plaintiff has since been transferred out of that facility. His conclusory allegation that there is a

2 conspiracy amongst prison officials at different facilities is insufficient to show an immediate and

3 irreparable injury, loss or damage will result before the adverse party can be heard in opposition.

4 Second, a preliminary injunction is appropriate when it grants relief of the same nature as

5 that to be finally granted. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d

6 631, 636 (9th Cir. 2015). Here, it is not yet certain what relief this action seeks because there is no

7 operative complaint.

8 Accordingly, the request for injunctive relief or a temporary restraining order is DENIED.

## II. Motion for Appointment of Counsel

Plaintiff has renewed his request for appointment of counsel. Dkt. No. 29.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

Plaintiff has previously requested appointment of counsel. Dkt. No. 19. The Court denied this initial request for appointment of counsel for lack of exceptional circumstances; and because it was unclear at that time if plaintiff had presented cognizable claims, there being no operative complaint, and because plaintiff had ably prosecuted this case thus far, having filed at least three motions seeking various types of relief. Dkt. No. 20. Plaintiff's renewed request for appointment of counsel (Dkt. No. 29) does not indicate that plaintiff's circumstances have changed significantly. There is still no operative complaint, and plaintiff continues to ably prosecute this case. Accordingly, plaintiff has not demonstrated the exceptional circumstances that warrant appointment of counsel. Plaintiff's motion requesting appointment of counsel is DENIED for lack of exceptional circumstances. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the foregoing reasons, plaintiff's *ex parte* motion for immediate and permanent or

temporary order for injunction; and motion for appointment of counsel are DENIED. Dkt. No. 29.

This order terminates Dkt. No. 29.

**IT IS SO ORDERED.**

Dated: December 26, 2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GODOY,<br>　　　　Plaintiff,<br>　　v.<br>EDMUND GERRY BROWN, et al.,<br>　　　　Defendants. | Case No. 18-cv-06650-HSG<br><br>**CERTIFICATE OF SERVICE** |

　　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　　That on December 26, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maurice Godoy ID: V83154
Corcoran State Prison
4001 King Avenue
Cocoran, CA 93212

Dated: December 26, 2019

　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Nikki D. Riley, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable HAYWOOD S. GILLIAM, JR.

4