UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE GODOY,

           Plaintiff,

     v.

EDMUND GERRY BROWN, et al.,

           Defendants.

Case No.  18-cv-06650-HSG

**ORDER OF DISMISSAL**

On November 11, 2018, Plaintiff filed the instant *pro se* complaint under 42 U.S.C. § 1983.  Dkt. No. 1.

On January 29, 2019, the Court screened the complaint and dismissed the complaint with leave to amend because it did not comply with Rule 20 of the Federal Rules of Civil Procedure in that it alleged unrelated claims against different sets of defendants.  Dkt. No. 9.  In the order screening the complaint, the Court also noted the following additional deficiencies in the complaint: many of the incidents described did not give rise to constitutional claims and the complaint's allegations failed to state clearly what happened, when it happened, what each defendant did, and how these actions or inactions rose to the level of a federal constitutional claim. The Court dismissed claims arising out of events that occurred at the California Institute for Men, Mule Creek State Prison, and Substance Abuse Treatment Facility without prejudice to bringing separate actions in the federal district courts where these facilities are located.  *See generally* Dkt. No. 9.  Plaintiff was instructed to file an amended complaint by February 26, 2019, and informed that the failure to do so would result in the dismissal of this action without further notice.  *Id.*  The Court granted plaintiff multiple extensions of time to file an amended complaint.  Dkt. Nos. 12, 16, 18.

On August 26, 2019, plaintiff filed an amended complaint. Dkt. No. 24. On November 26, 2019, the Court dismissed the amended complaint with leave to amend because it suffered from the same deficiencies as the original complaint. Dkt. No. 28. The amended complaint again violated Fed. R. Civ. P. 20 in that it alleged a wide variety of claims that were unrelated, and again raised allegations that arose from events in other venues. *See generally* Dkt. No. 28. Plaintiff was instructed to file a second amended complaint by December 24, 2019, and informed that the failure to do so would result in the dismissal of this action without further notice. *Id.* Upon receiving a notice of change of address from plaintiff on December 27, 2019, the Court *sua sponte* granted plaintiff an extension of time to February 14, 2020, to file a second amended complaint. Dkt. Nos. 33, 34. Plaintiff has not filed a second amended complaint and the deadline to do so has since passed.[12] Accordingly, this action is DISMISSED. If plaintiff wishes to reopen this case, any motion to reopen must explain why plaintiff failed to comply with the deadline for filing a second amended complaint and be accompanied by a proposed second amended complaint that complies with the deficiencies identified in the Court's November 26, 2019 screening order.

For the reasons set forth above, this action is DISMISSED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 2/24/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] It appears that plaintiff's address has changed, but that he has not informed the Court of his new address as required by N.D. Cal. L.R. 3-11. Mail sent to plaintiff was returned as undeliverable on January 21, February 3, and February 14, 2020. *See* Dkt. Nos. 35, 36, 38. Pursuant to Local Rule 3-11, the Court may, without prejudice, dismiss a complaint when mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable; and the Court fails to receive within sixty (60) days of this return a written communication from the *pro se* party indicating a current address.

[2] Since the Court's November 26, 2019 screening order, plaintiff has filed the following pleadings in this action: (1) an ex parte motion for an immediate and permanent or temporary order for injunction and a motion for appointment of counsel; (2) a December 12, 2019 notice of appeal to the Ninth Circuit; and (3) a February 7, 2020 notice of appeal to the Ninth Circuit. *See* Dkt. Nos. 29, 30, 37.